THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TVI, INC., a Washington corporation,

　　　　　　　　Plaintiff,

　　v.

HARMONY ENTERPRISES, INC., a Minnesota corporation,

　　　　　　　　Defendant.

CASE NO. C18-1461-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to compel and for sanctions (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

The Court previously set forth the underlying facts of this case and will only restate those facts relevant to the instant motion. (*See* Dkt. No. 34.) On October 3, 2017, a baler manufactured and installed by Defendant at Plaintiff's Mt. Vernon store (the "Mt. Vernon baler") failed. (Dkt. No. 20 at 8.) Plaintiff immediately notified Defendant and demanded that Defendant inspect the Mt. Vernon baler, produce a report on the failure, and remove and dispose of the Mt. Vernon baler. (*Id*.) Defendant offered to take the Mt. Vernon baler to Minnesota for an evaluation and to

provide Plaintiff with a report on its findings. (*Id*. at 17.) On October 10, 2017, Plaintiff sent Defendant a letter titled, "Notice of Defect and Potential Claim of Indemnity." (*Id*. at 31–32.) The letter conditioned Plaintiff's relinquishing of the Mt. Vernon Baler on Defendant's production of a report as to its failure, and stated that, "[Plaintiff] hereby reserves its right to pursue all available remedies at law or in equity related to this incident, or any other incident related to a [Defendant-made] product." (*Id*. at 2, 31–32.)

Prior to its inspection of the Mt. Vernon baler, Defendant's employees discussed how to weld certain parts of its balers to address safety issues that had arisen. (*See* Dkt. No. 27 at 5–7.) Following a brief inspection of the Mt. Vernon baler on or around October 19, 2017, Defendant found unnecessary welds had contributed to the Mt. Vernon baler's failure. (Dkt. No. 21 at 6, 9, 14–15, 25.) Defendant has since been unable to locate any notes from the inspection of the Mt. Vernon baler. (*Id*. at 12.)

On November 30, 2017, Plaintiff discovered that a baler manufactured and installed by Defendant at Plaintiff's Flagstaff, Arizona business location (the "Flagstaff baler") was unsound due to welding failures. (Dkt. No. 20 at 3, 34–39.) Plaintiff immediately notified Defendant and demanded that Defendant inspect the Flagstaff baler, produce a report on the failure, and remove and dispose of the Flagstaff baler. (*Id*. at 34–35.) On December 1, 2017, Plaintiff sent Defendant a letter titled "Second Notice of Defect and Potential Claim for Indemnity: Second Demand for Inspection," which reiterated Plaintiff's demands for reports on the Mt. Vernon and Flagstaff balers. (*Id*. at 41–42.) The letter also stated that Plaintiff would require Defendant to indemnify and hold Plaintiff harmless if another of Defendant's balers failed, and that "[Plaintiff] hereby reserves its right to pursue all available remedies at law or in equity related to this incident, or any other incident related to a [Defendant-made] product." (*Id*. at 42.)

Plaintiff did not provide Plaintiff with reports on the Mt. Vernon and Flagstaff balers. (*Id*. at 3.) In October or November 2017, Defendant prepared a summary of its inspection of the Mt. Vernon baler, which it shared with its counsel. (Dkt. No. 21 at 20–22.) Defendant did not share

this summary with Plaintiff until after Plaintiff filed this lawsuits. (*Id.*; Dkt. No. 20 at 4.) During Defendant's Rule 30(b)(6) deposition, Defendant stated that it sent the Mt. Vernon baler to be scrapped in December 2017. (Dkt. No. 21 at 19.) Defendant's responses to Plaintiff's interrogatories indicate that the Mt. Vernon baler was picked up for scrapping in January or February 2018. (*Id.* at 40, 61.) Defendant did not notify Plaintiff that the Mt. Vernon baler had been scrapped. (Dkt. No. 21 at 29.) Ultimately, Plaintiff removed all of Defendant's balers from Plaintiff's stores. (Dkt. No. 20 at 3.) On January 17, 2018, Plaintiff's counsel sent Defendant a letter formally requesting a litigation hold on material related to the Mt. Vernon and Flagstaff balers, and demanding that Defendant "refrain from performing any work on, making any alterations to, or discarding any part of the [Mt. Vernon baler]" as such could be grounds for spoliation. (*Id.* at 46.)

In September 2018, Plaintiff brought suit against Defendant for various state law claims arising from Defendant's allegedly dangerous and defective balers. (*See* Dkt. Nos. 1, 1-2.) On December 28, 2018, Plaintiff served interrogatories and requests for production on Defendant. (Dkt. No. 29 at 2.) Interrogatory No. 5 sought information about whether Defendant's balers had failed in other instances and, if so, the cause of the failures. (Dkt. No. 21 at 34.) Defendant's response listed the Mt. Vernon and Flagstaff balers and stated that it had not found any malfunctions in either. (*Id.* at 34–35.) Interrogatory No. 8 asked if Defendant believed that it had provided sufficient warnings to consumers regarding its balers, to which Defendant responded that it had via the balers' manuals, which included maintenance instructions, safety instructions, and warnings, and safety decals affixed to each baler. (*Id.* at 37.)

In April 2019, Defendant testified in its Rule 30(b)(6) deposition that a baler it had sold to Lowe's had failed in the spring of 2017. (Dkt. No. 29 at 8–10.) Lowe's notified Defendant of the failure and, following an inspection by Defendant, Defendant and Lowe's agreed that the failure was due to user error. (*Id.* at 10–11.) Defendant did not notify Plaintiff of the Lowe's baler failure prior to the Rule 30(b)(6) deposition. (Dkt. Nos. 20 at 4, 21 at 7.) Defendant also

disclosed for the first time that the unnecessary welds on the Mt. Vernon baler contributed to its failure. (Dkt. No. 21 at 25.)

During May and June 2019, Plaintiff sought supplemental discovery from Defendant to cure alleged deficiencies in Defendant's responses. (*See* Dkt. Nos. 21 at 48–67; 29 at 2, 35–39, 41–44.) Ultimately, Plaintiff filed the instant motion seeking to compel additional responses from Defendant. (Dkt. Nos. 28 at 3, 29 at 2.) Defendant has since supplemented its written discovery and produced additional documents. (Dkt. No. 35 at 2.)[1] Plaintiff also moves for sanctions against Defendant for its alleged spoliation of the Mt. Vernon baler abuse of the discovery process. (*See generally* Dkt. Nos. 28, 35.)

## II. DISCUSSION

### A. Spoliation Sanctions

District courts possess inherent authority to impose sanctions against a party in response to the party's spoliation of relevant evidence. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009). The party alleging spoliation must prove:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (collecting cases). The duty to preserve attaches when a party should reasonably know that the evidence at issue may be relevant to anticipated litigation. *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011). In the Ninth Circuit, a court may impose sanctions on a party for

---

[1] Plaintiff acknowledges that its motion to compel is now moot but maintains that Defendant's abuse of the discovery process merits sanctions under Rule 37. (Dkt. No. 35 at 5–7.)

spoliating evidence if the court finds that the party acted with "conscious disregard" of its discovery obligations; a finding of bad faith is not required. *See Apple Inc.*, 888 F. Supp. 2d at 998 (citing *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 n.2 (9th Cir. 1992); *Hamilton v. Signature Flight Support Corp.*, 2005 WL 3481423, slip op. 7 (N.D. Cal. 2005); *Io Grp. Inc. v. GLBT Ltd.*, 2011 WL 4974337, slip op. 7 (N.D. Cal. 2011)).

It is undisputed that Defendant had control over the Mt. Vernon baler when it sold it for scrap, and Defendant does not dispute that the Mt. Vernon baler was relevant to this litigation. (*See* Dkt. No. 30 at 1, 7–9.) Defendant argues that it did not have an obligation to preserve the Mt. Vernon baler and could not have acted with a culpable state of mind because Plaintiff asked Defendant to dispose of it on October 3, 2017. (Dkt. No. 30 at 8–9; *see* Dkt. No. 20 at 8.) But Plaintiff's initial request was followed by multiple indications that Defendant had a duty to preserve the Mt. Vernon baler, including Plaintiff's October 10, 2017 letter reserving its right to pursue legal or equitable remedies related to the Mt. Vernon baler's failure and Defendant's own inspection of the Mt. Vernon baler that revealed unnecessary welds that contributed to its failure. (*See id*. at 2–4, 31–32; Dkt. No. 21 at 14–15, 25.) Further, Defendant shared a summary of its inspection with its counsel, who may have informed Defendant of the possibility of future litigation. (Dkt. No. 21 at 20–22.) All of this occurred while Defendant was still in possession of the Mt. Vernon baler. (*See* Dkt. No. 21 at 19.) Thus, Defendant was on notice of its obligation to preserve the Mt. Vernon baler, and consciously disregarded that obligation when it sold the Mt. Vernon baler for scrap. *See Apple Inc.*, 888 F. Supp. 2d. at 989, 998; *Surowiec*, 790 F. Supp. 2d at 1005.[2] The Court finds that Plaintiff has carried its burden of establishing that Defendant spoliated the Mt. Vernon baler.

---

[2] Defendant's obligation and culpable state of mind are even more apparent if it sold the Mt. Vernon baler for scrap in January or February 2018, (*see* Dkt. No. 21 at 40, 61), as Plaintiff's December 1, 2017 letter reiterated its demand for a report on the Mt. Vernon baler's failure and its reservation of rights to pursue legal and equitable remedies and Plaintiff's January 17, 2019 letter formally requested a litigation hold on material related to the Mt. Vernon and Flagstaff balers. (*See* Dkt. No. 20 at 41–42, 44–46.)

When spoliation has occurred, district courts may impose a variety of sanctions, including:

> (1) exclusion of evidence, (2) admitting evidence of the circumstances of the destruction or spoliation, (3) instructing the jury that it may infer that the lost evidence would have been unfavorable to the party accused of destroying it, or (4) entering judgment against the responsible party, either in the form of dismissal or default judgment.

*Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). In determining which sanction to impose, courts may consider: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party." *Apple Inc.*, 888 F. Supp. 2d at 992 (internal quotations omitted).

Defendant had exclusive control over the Mt. Vernon baler, was on notice of the obligation to preserve it, and consciously disregarded its obligation by selling the baler for scrap. *See supra*. Plaintiff has been substantially prejudiced by Defendant's destruction of the Mt. Vernon baler, as Plaintiff cannot conduct its own examination following Defendant's disclosures about the reasons for the baler's failure during discovery. *See Apple Inc.*, 888 F. Supp. 2d at 992.[3] Thus, the Court finds that an adverse jury instruction regarding Defendant's spoliation of the Mt. Vernon baler is an appropriate sanction. The instruction shall inform the jury that Defendant was on notice that it had an obligation to preserve the Mt. Vernon baler, that Defendant destroyed the Mt. Vernon baler before Plaintiff could inspect it, that the Mt. Vernon baler was relevant to Plaintiff's claims, and that an inspection of the Mt. Vernon baler would have corroborated Plaintiff's claim that it was defective.[4]

---

[3] Although Defendant asserts that Plaintiff has not been prejudiced because other balers in Plaintiff's possession have the same extraneous welds, (*see* Dkt. No. 30 at 9–10), none of those balers, including the Flagstaff baler, have failed in the same way as the Mt. Vernon baler. (*See* Dkt. No. 20 at 2–3, 8, 31–32, 34–39, 41–42.)

[4] The Court will consider proposed adverse jury instructions from both parties.

In sum, Plaintiff's motion for sanctions based on Defendant's spoliation of the Mt. Vernon baler is GRANTED. Plaintiff shall be entitled to an adverse jury instruction as approved by the Court in a future order.[5]

### B. Discovery Sanctions

Plaintiff acknowledges that its motion to compel discovery from Defendant is moot and now seeks only an award of sanctions for Defendant's alleged abuse of the discovery process. (*See* Dkt. No. 35 at 2, 5–7.) Plaintiff seeks sanctions under Federal Rules of Civil Procedure 37(b) and 37(c) for Defendant's alleged violations of Federal Rules of Civil Procedure 37(c) and 37(d). (*See* Dkt. No. 28 at 11–13; *see also* Fed. R. Civ. P. 37(c) (prohibiting a party from failing "to provide information or identify a witness as required by Rule 26(a) or (e)"); Fed. R. Civ. P. 37(d) (prohibiting a party from failing to appear for a deposition or "to serve its answers, objections, or written response" to interrogatories or a request for inspection). But Plaintiff originally moved to compel complete and accurate responses to its discovery requests following Defendant's "evasive, incomplete, and untruthful discovery responses," which arise under Federal Rule of Civil Procedure 37(a). (*See* Dkt. No. 28 at 12; *see also* Dkt. No. 35 at 7); *see* Fed. R. Civ. P. 37(a)(4).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "For the purposes of [Federal Rule of Civil Procedure 37(a)], an evasive or incomplete

---

[5] Plaintiff's request that Defendant be precluded from arguing that its inspection of the Mt. Vernon baler revealed that Plaintiff's own misuse caused or contributed to the Mt. Vernon baler's failure is denied without prejudice. (Dkt. No. 28 at 10.) Defendant has testified that it has been unable to locate any notes from the inspection and has disclosed its summary of the inspection to Plaintiff, and precluding Defendant from potentially using the summary to argue in its favor would be substantially unfair. (*See* Dkt. Nos. 20 at 4; 21 at 12, 20–22); *Apple Inc.*, 888 F. Supp. 2d at 992. If Defendant comes forward with additional evidence from the inspection, Plaintiff may move to limit or preclude Defendant's use of such evidence.

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). If a party provides requested discovery only after the opposing party files a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). The court cannot order such payment "if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action," the nondisclosure was substantially justified, or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 35(a)(5)(i)–(iii).

Defendant's disclosure of supplementary discovery came after Plaintiff's repeated good faith efforts to obtain the requested discovery without court intervention and Plaintiff's filing of the instant motion to compel. (*See* Dkt. No. 35 at 5–6.) Defendant has not argued that its nondisclosure was substantially justified or cited circumstances rendering an award of expenses unjust. (*See* Dkt. No. 30 at 11–12.) Thus, the Court finds that monetary sanctions consisting of Plaintiff's reasonable fees and expenses incurred are warranted under Federal Rule of Civil Procedure 37(a)(5), and Plaintiff's request for discovery sanctions is GRANTED as to its requested monetary sanctions. Plaintiff shall file a motion for attorney fees setting forth its expenses incurred in making the present motion to compel within seven days of the issuance of this order.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for spoliation sanctions and discovery sanctions (Dkt. No. 28) is GRANTED. Plaintiff shall be entitled to an adverse jury instruction regarding Defendant's spoliation of the Mt. Vernon baler, as approved by the Court in a future order. Plaintiff shall file a motion for attorney fees setting forth its expenses incurred in making the present motion to compel within seven days of the issuance of this order.

//

1     DATED this 13th day of August 2019.

A
John C. Coughenour
UNITED STATES DISTRICT JUDGE