THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TVI, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>HARMONY ENTERPRISES, INC., a Minnesota corporation,<br><br>Defendant. | CASE NO. C18-1461-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 42) of the Court's order granting Plaintiff's motion to compel and for sanctions for spoliation and discovery abuses (Dkt. No. 39). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.   BACKGROUND**

The Court previously set forth the underlying facts of this case and will not restate them here. (*See* Dkt. No. 34.) On July 18, 2019, Plaintiff moved for an order compelling Defendant to provide complete and accurate discovery responses and imposing sanctions for spoliation of evidence and discovery abuses. (Dkt. No. 28.) Plaintiff's motion sought, *inter alia*, an order compelling Defendant to provide complete responses to Plaintiff's interrogatories and requests

for production pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) and awarding Plaintiff monetary sanctions of $5,000 to offset the "significant legal costs [incurred] to pursue accurate and complete discovery, including . . . the preparation of this motion." (*Id*. at 11, 13.) In concluding its motion to compel, Plaintiff reiterated its request for monetary sanctions premised on Defendant's failure to provide requested discovery. (*Id*.) Defendant did not address Plaintiff's request for monetary sanctions in its response brief. (See Dkt. No. 30 at 10–12.)

On August 13, 2019, the Court granted Plaintiff's motion. (Dkt. No. 39.) In its order, the Court found that Defendant spoliated the Mt. Vernon baler and concluded that an adverse jury instruction regarding Defendant's spoliation was an appropriate sanction. (*See id*. at 4–7.) The Court also found that discovery sanctions were warranted due to Defendant's failure to timely disclose discovery and accordingly awarded Plaintiff its requested monetary sanctions. (*See id*. at 7–8.)

Defendant moves for reconsideration of the Court's order, arguing that the Court committed manifest error in imposing its spoliation sanction and awarding Plaintiff attorney fees. (*See generally* Dkt. No. 42.) The Court called for a response from Plaintiff only as to Defendant's challenge to the Court's award of attorney fees. (Dkt. No. 44.)

## II. DISCUSSION

### A. Legal Standard

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is appropriate only where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, Case No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

//

**B.     Spoliation Sanction**

Defendant contends that the Court committed manifest error when it found that Plaintiff is entitled to an adverse jury instruction following Defendant's spoliation of the Mt. Vernon baler. (Dkt. No. 42 at 10–13.) Defendant argues that the Court erred by looking only to Defendant's conscious disregard of its discovery obligations to determine that Defendant's degree of fault warranted an adverse jury instruction. (*See id*. at 10–12.) But the Court's order looked beyond Defendant's conscious disregard in finding that an adverse jury instruction was warranted. Specifically, the Court considered: Defendant's exclusive control over the Mt. Vernon baler; Defendant's substantial prior notice that it had an obligation to preserve the Mt. Vernon baler; and Defendant's subsequent conscious disregard of that obligation when it sold the Mt. Vernon baler for scrap. (*See* Dkt. No. 39 at 2–3, 6.) Defendant's remaining arguments opposing the Court's evaluation of Defendant's degree of fault simply restate those it raised in its response to Plaintiff's original motion. (*Compare* Dkt. No. 42 at 11–12, *with* Dkt. No. 30 at 8–9.) Thus, Defendant has not identified a manifest error in the Court's evaluation of Defendant's degree of fault in spoliating the Mt. Vernon baler. *See Premier Harvest*, Case No. C17-0784-JCC, Dkt. No. 61 at 1; W.D. Wash. Local Civ. R. 7(h)(1).

Defendant also challenges the Court's evaluation of the degree of prejudice to Plaintiff resulting from Defendant's spoliation of the Mt. Vernon baler. (Dkt. No. 42 at 12–13.) Defendant merely reiterates the arguments it raised in response to Plaintiff's original motion, and asks the Court to reach a different conclusion at the second time of asking. (*Compare* Dkt. No. 42 at 12–13, *with* Dkt. No. 30 at 10.) Defendant's request that the Court revisit the same arguments it previously considered is insufficient to warrant reconsideration of the Court's decision. *See Premier Harvest*, Case No. C17-0784-JCC, Dkt. No. 61 at 1; W.D. Wash. Local Civ. R. 7(h)(1).

In sum, Defendant has not identified a manifest error in the Court's determination that an adverse jury instruction is an appropriate sanction for Defendant's spoliation of the Mt. Vernon

baler. Defendant's motion for reconsideration is DENIED on this ground.

### C. Discovery Sanctions

Defendant asserts that the Court committed manifest error when it granted Plaintiff's request for monetary sanctions for Defendant's discovery violations, as Defendant did not have an adequate opportunity to respond. (*See* Dkt. No. 42 at 1–2, 13–16.) Specifically, Defendant asserts that Plaintiff did not identify what discovery it sought to compel, that Plaintiff did not seek an award of fees under Federal Rule of Civil Procedure 37(a)(5), that Plaintiff did not attempt in good faith to obtain the discovery without court intervention, and that the motion to compel was unnecessary. (*Id.* at 13–16.) In support of its claim, Defendant provides details of its efforts to provide Plaintiff with responsive discovery, which it asserts "could not have reasonably been submitted at the time of the original motion because the issue of compelling specific discovery was not before the Court." (Dkt. No. 42 at 2, 4–9.)

Defendant's arguments ignore the text of Plaintiff's motion to compel. Plaintiff's motion set forth the alleged deficiencies in Defendant's discovery responses that Plaintiff sought to cure by filing its motion to compel. (*See* Dkt. Nos. 28 at 6–7; 29 at 1–2, 8–11, 14–21, 25, 35–39.) Plaintiff also detailed its good faith efforts to obtain the discovery without Court intervention, including conferring with Defendant's counsel about the alleged deficiencies. (*See* Dkt. Nos. 28 at 7; 29 at 2, 35–39, 41–44.)[1] Plaintiff's motion to compel sought, *inter alia*, "[a]n order compelling [Defendant] to provide complete responses to [Plaintiff's] interrogatories and requests for production within five days of the order" pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) as well as monetary sanctions to offset Plaintiff's "significant legal costs [incurred] to pursue accurate and complete discovery, including . . . the preparation of this

---

[1] Notably, a letter sent by Plaintiff's counsel on June 19, 2019, stated that, "We have delayed filing a motion to compel to date in reliance on your representations that [Defendant] will provide responsive information," and noted the impending discovery deadline. (Dkt. No. 29 at 43.) Plaintiff filed its motion to compel on July 18, 2019, approximately one month later. (*See* Dkt. No. 28.)

motion." (Dkt. No. 28 at 11, 13.)

Defendant's response to Plaintiff's motion to compel primarily argued that sanctions were not warranted under Federal Rules of Civil Procedure 37(c) and (d). (*See* Dkt. No. 30 at 10–12.) Defendant specifically asserted that if Plaintiff sought complete answers to its discovery inquiries "a motion to compel under Fed. Rule Civ. Pro. 37(a)(3)(B)(iii) and (4) could be appropriate," and that "Plaintiff does not cite this rule, and the sanctions Plaintiff requests are not available with a motion to compel under this rule." (*Id*. at 10, 10 n.4) Defendant did not address Plaintiff's request for monetary sanctions based on Defendant's alleged discovery violations. (*See id*. at 10–12.) Defendant also did not argue that its production of responsive discovery occurred after Plaintiff filed its motion to compel. (*See id*.; *see generally* Dkt. No. 42.)

Thus, Plaintiff's motion described the specific discovery it sought and explicitly notified Defendant that Plaintiff was seeking an order compelling responses to its interrogatories and requests for production pursuant to Federal Rule of Civil Procedure 37(a)(B)(3). (*See* Dkt. No. 28 at 6–7, 11–13.) Plaintiff's requested relief also included monetary sanctions premised on Plaintiff's costs in obtaining the discovery, including preparing the motion to compel. (*See id*. at 13.) It is undisputed that Defendant produced Plaintiff's requested discovery after Plaintiff filed its motion. (*See* Dkt. Nos. 30 at 2, 35 at 2.) Under these circumstances, the Court was required to award Plaintiff its reasonable expenses incurred in making the motion unless Defendant established that that Plaintiff had filed the motion before attempting in good faith to obtain the discovery, that Defendant's nondisclosure was substantially justified, or that other circumstances rendered the award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Defendant had an opportunity to make these showings or otherwise respond to Plaintiff's request for monetary sanctions in its response to Plaintiff's motion, and Defendant failed to do so. (*See* Dkt. No. 30 at 11–12.)

Thus, Defendant has not identified a manifest error in the Court's order granting Plaintiff its reasonable attorney fees and expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)

premised on Defendant's lack of an opportunity to be heard. *See Premier Harvest*, Case No. C17-0784-JCC, Dkt. No. 61 at 1; W.D. Wash. Local Civ. R. 7(h)(1). Similarly, Defendant's belated attempt to show that an award of fees is unjust is based on facts that could have been brought to the Court's attention with reasonable diligence and does not merit reconsideration of the Court's decision. *See* W.D. Wash. Local Civ. R. 7(h)(1). Therefore, Defendant's motion for reconsideration is DENIED on this ground.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration (Dkt. No. 42) is DENIED.

DATED this 13th day of September 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE