THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TVI, INC., a Washington corporation, | CASE NO. C18-1461-JCC |
| Plaintiff, | ORDER |
| v. | |
| HARMONY ENTERPRISES, INC., a Minnesota corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for attorney fees and costs (Dkt. No. 40) pursuant to the Court's August 13, 2019 order (Dkt. No. 39) granting Plaintiff's motion to compel and for spoliation sanctions (Dkt. No. 28). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby issues the following order.

**I.     BACKGROUND**

In its August 13, 2019 order, the Court found, *inter alia*, that Defendant disclosed supplementary discovery after Plaintiff made good faith efforts to obtain the discovery without court intervention and after Plaintiff filed a motion to compel. (*See* Dkt. No. 39 at 8.) The Court therefore found "that monetary sanctions consisting of Plaintiff's reasonable fees and expenses are warranted under Federal Rule of Civil Procedure 37(a)(5)." (*Id.*) The Court directed Plaintiff

to "file a motion for attorney fees setting forth its expenses incurred in making the present motion to compel." (*Id.*) In response to the Court's order, Plaintiff has filed a motion for attorney fees and accompanying declarations setting forth its time and expenses incurred in obtaining the supplemental discovery. (*See* Dkt. Nos. 40, 41, 51.)

## II. DISCUSSION

### A. Legal Standard

#### 1. Recoverable Fees

If a party provides requested discovery only after the moving party files a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *see, e.g.*, *Hoglund v. Sher-Ber, Inc.*, 2008 WL 5427793, slip op. at 2 (W.D. Wash. 2008) (awarding Rule 37(a)(5)(A) fees based on work spent "preparing the motion to compel, the supporting declaration, and the proposed order."). A party may be awarded its reasonable attorney fees incurred in preparing a subsequent fee application. *See Anderson v. Dir., Office of Workers Comp. Programs*, 91 F.3d 1332, 1325 (9th Cir. 1996) ("[C]ompensation [for time spent preparing fee applications] must be included in calculating a reasonable fee because uncompensated time spent on petitioning for a fee automatically diminishes the value of the fee eventually received"); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("[O]ur case law construing what is a 'reasonable' fee applies uniformly to all [federal fee-shifting statutes]."); *Sure Safe Indus. Inc. v. C & R Pier Mfg.*, 152 F.R.D. 625, 627 (S.D. Cal. 1993) (including time spent drafting request for attorney fees and costs in award of fees under Rule 37).

#### 2. Calculation of Reasonable Fees

District courts employ a two-step process to calculate a reasonable fee award. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court calculates the lodestar figure, which represents the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the court determines whether to increase or reduce that figure based on several factors that are not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *see also Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]

To determine a reasonable billing rate, the court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin.*, *Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston Cty.*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. There is a "strong presumption" that the lodestar figure represents the reasonable fee award. *Dague*, 505 U.S. at 562.

### B. Plaintiff's Reasonable Attorney Fees

Counsel for Plaintiff—Molly Eckman, William Walsh, and Peter Berg—have practiced civil litigation in the Seattle legal market for 15, 27, and six years respectively. (*See* Dkt. No. 41 at 2.) The Court has previously approved hourly rates of $350 per hour for partners, $250 per hour for associates, and $125 per hour for support staff. *See Campbell v. Catholic Cmty. Servs. of*

---

[1] The factors set forth in *Kerr* to evaluate the reasonableness of requested fees are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d at 70.

*W. Wash.*, Case No. C10-1579-JCC, Dkt. No. 120 at 5 (W.D. Wash. 2012); *see also A Nationwide Sampling of Law Firm Billing Rates*, Nat'l L. J. (Dec. 8, 2008) (showing three Seattle firms with average hourly partner rates of $455, $405, and $498). In this matter, Plaintiff's counsel has charged the following hourly rates: $305 for Ms. Eckman, $477 for Mr. Walsh, and $260 for Mr. Berg. (*See* Dkt. No. 41 at 5–12.) Plaintiff's counsel has also included hours worked by "K. Green," who has an hourly rate of $185 and appears to be a paralegal with Plaintiff's counsel's firm. (*See* Dkt. Nos. 40 at 3; 41 at 2, 5, 6, 9.) As Plaintiff's counsel's hourly rates are in line with those of similarly-situated attorneys and support staff, the Court finds that the hourly rates are reasonable. *See Camacho*, 523 F.3d at 979; *Broyles*, 195 P.3d at 1004.

The Court's August 13, 2019 order specifically found that sanctions were warranted under Federal Rule of Civil Procedure 37(a)(5) and directed Plaintiff to file a motion for attorney fees "setting forth its expenses incurred in making the present motion to compel." (Dkt. No. 39 at 8.) Plaintiff's instant motion seeks fees incurred both in making its motion to compel and for spoliation sanctions and in attempting to obtain the discovery prior to filing that motion. (*See* Dkt. No. 51 at 5–6.) Fees predating Plaintiff's motion to compel and for spoliation sanctions were not included in the Court's award of fees pursuant to Rule 37(a)(5)(A) and will be excluded. *See* Fed. R. Civ. P. 37(a)(5)(A); (Dkt. No. 39 at 8). Similarly, Plaintiff has requested fees for time spent exclusively on the spoliation portion of its motion to compel and for spoliation sanctions, which will also be excluded from the Court's award. (*See* Dkt. No. 51 at 6–8) (for example, June 14, 2019 entry for "Analyze USDC caselaw regarding spoliation of evidence for use in motion on same.")

The remaining entries in Plaintiff's supplemental declaration provide the following hourly totals: 51.8 hours for Ms. Eckman, 35.5 hours for Mr. Berg, 5.5 for Mr. Walsh, and 3.1 hours for "K.Green." (*See* Dkt. No. 51 at 5–13.)[2] But Plaintiff's motion to compel and for

---

[2] Defendant asserts that several entries in Plaintiff's supplemental declaration constitute impermissible "block billing." (*See* Dkt. No. 48 at 4, 7–8.) "'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a

spoliation sanctions and Plaintiff's accompanying reply brief contained 12 and six pages of substantive briefing. (*See* Dkt. Nos. 28, 35.) Notably, both briefs raised arguments related to Defendant's spoliation of evidence in addition to seeking to compel disclosure of discovery. (*See generally* Dkt. Nos. 28, 35.) Plaintiff's briefing on the instant motion for attorney fees was also relatively succinct: Plaintiff's motion contained approximately three pages of substantive briefing and its reply contained five pages of substantive briefing. (*See* Dkt. Nos. 40, 50.) And although Plaintiff's declaration and supplemental declaration filed in support of its motion for attorney fees were 12 and 13 pages in length, the supplemental declaration simply added entries for fees related to Plaintiff's reply in support of its motion for attorney fees. (*Compare* Dkt. No. 41 at 5–12, *with* Dkt. No. 51 at 5–13.) Finally, Plaintiff's staffing of three attorneys, two of whom have over 10 years of litigation experience, along with a paralegal to work on the motion to compel and for spoliation sanctions and the motion for attorney fees led to unnecessary duplication of effort that should be excluded from the lodestar figure. *See Herrington v. Cty. of Sonoma,* 883 F.2d 739, 747 (9th Cir. 1989); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013); *see also Walker v. N. Las Vegas Police Dep't*, 2016 WL 3536172, slip op. at 3 (D. Nev. 2016) (collecting district court decisions). Thus, the Court finds that Plaintiff's claimed hours are excessive and that a reduction is warranted prior to calculating the lodestar figure. *See Hensley*, 461 U.S. at 434.

Having thoroughly reviewed the time entries set forth in Plaintiff's supplemental declaration, the Court finds that the following hourly totals constitute reasonable time for Plaintiff's counsel to have worked on the motion to compel portion of the underlying motion and motion for attorney fees: eight hours for Ms. Eckman, eight hours for Mr. Berg, one hour for Mr.

---

case, rather than itemizing the time expended on specific tasks.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)). Plaintiff's supplemental declaration provides reasonably specific descriptions for work performed during each time entry, and the Court declines to reduce Plaintiff's award based on block billing.

Walsh, and three hours for "K.Green."[3] Multiplying these values by each relevant reasonable hourly rate yields a total lodestar figure of $5,552. The factors set forth in *Kerr* do not warrant an increase or a further reduction in the lodestar figure. *See Kelly*, 822 F.3d at 1099; *Kerr*, 526 F.2d at 70. Therefore, the Court finds this lodestar figure represents a reasonable award of Plaintiff's attorney fees incurred in making its motion to compel and subsequent fee application under Federal Rule of Civil Procedure 37(a)(5)(A).[4]

## III. CONCLUSION

For the foregoing reasons, and pursuant to the Court's prior order (Dkt. No. 39), Plaintiff's motion for attorney fees and costs (Dkt. No. 40) is GRANTED. Defendant is ORDERED to pay Plaintiff's attorney fees in the amount of $5,552 as a sanction pursuant to Rule 37(a)(5)(A).

DATED this 16th day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] As Plaintiff's supplemental declaration in support of its motion for attorney fees includes a nine-page spreadsheet with single-spaced entries for Plaintiff's claimed time and fees, the Court need not set forth a line-by-line analysis of Plaintiff's fee request. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (collecting cases).

[4] Notably, Plaintiff's motion to compel and for spoliation sanctions sought sanctions of $5,000 "for [Plaintiff's] fees and costs pursuing accurate and complete discovery responses." (*See* Dkt. No. 28 at 13.) Plaintiff's request sought fees to "mitigate [Plaintiff's] additional costs associated with" conducting a Rule 30(b)(6) deposition and preparing the motion to compel and for spoliation sanctions. (*See id.*) As the Court declined to award Plaintiff fees incurred before making its motion to compel but Plaintiff has incurred additional fees in preparing the instant motion for attorney fees, the value of Plaintiff's original fee request supports the reasonableness of the attorney fees now awarded.