THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TVI, INC., a Washington corporation,

    Plaintiff,

 v.

HARMONY ENTERPRISES, INC., a Minnesota corporation,

    Defendant.

CASE NO. C18-1461-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to extend the discovery deadline by one court day (Dkt. No. 55). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

The Court has set forth the underlying facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 34.) The Court's scheduling order in this matter set trial for March 30, 2020. (*See* Dkt. No. 38.) The discovery deadline was set for 120 days before the trial date, (*see id.*), and thus fell on Sunday, December 1, 2019. Plaintiff's counsel's administrative staff calendared the discovery deadline for Monday, December 2, 2019. (*See* Dkt. No. 55 at 2.)

The parties have actively engaged in discovery. (*See id.* at 2–3; Dkt. No. 57 at 2–7.) On

November 27, 2019, Plaintiff's counsel was working to complete its discovery responses to Defendant. (*See* Dkt. No. 55 at 3.) On the same day, Defendant's counsel sent several letters to Plaintiff's counsel which stated, *inter alia*, that the discovery deadline was November 29, 2019, and that Defendant's counsel would complete any necessary supplemental discovery disclosures by December 6, 2019. (*See id.*) On Friday, November 29, 2019, Plaintiff's counsel determined that its staff had miscalculated the discovery deadline, which actually expired on November 29, 2019, pursuant to Federal Rule of Civil Procedure 6(a)(5). (*Id.*) Plaintiff's counsel emailed Defendant's counsel to advise them of the error and to notify them that Plaintiff's discovery responses would be served on Monday, December 2, 2019, and to ask whether Defendant would agree to an extension of one court day. (*Id.* at 4.) Plaintiff contemporaneously filed the instant motion. (*Id.* at 6; Dkt. No. 56 at 4–5.)[1] Plaintiff sent Defendant supplemental discovery on Monday, December 2, 2019. (*See* Dkt. No. 57 at 2.) Defendant did not respond to Plaintiff's counsel's email; instead, Defendant filed its opposition to the instant motion. (*See* Dkt. Nos. 55 at 4, 60 at 1–2.)

## II. DISCUSSION

When a party requests an extension of time before the original time expires, a district court has wide discretion and may grant the request so long as it finds "good cause." Fed. R. Civ. P. 6(b)(1)(A); *Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 795 (9th Cir. 1996). The Court may consider an untimely motion seeking an extension if "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To evaluate whether a party's failure to meet a deadline results from excusable neglect, courts look to: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the

---

[1] Plaintiff's counsel certifies that they electronically filed the motion for an extension and accompanying declaration on November 29, 2019. (*See* Dkt. Nos. 55 at 6, 56 at 4–5.) However, the Court's CM/ECF system shows that the filing was received on November 30, 2019. (*See* Dkt. Nos. 55, 56.) The Court will evaluate Plaintiff's request under the standards governing timely and untimely motions for extensions of time. *See* Fed. R. Civ. P. 6.

reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223–24 (9th Cir. 2000)).

Rule 6(b), "like all the Federal Rules of Civil Procedure, '[i]s to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983)). The Ninth Circuit has previously found that a calendaring error caused by the failure to apply a clear rule constitutes excusable neglect justifying an extension of time. *See id*.; *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Crediting Plaintiff's counsel's assertion that the instant motion was filed on November 29, 2019, prior to the expiration of the relevant deadline, good cause exists to extend the deadline: Plaintiff's requested relief (extension of the discovery deadline by one court day) is minor, while the consequences of failing to grant that relief (such as rendering Plaintiff's supplemental discovery responses untimely) are not. *See* Fed. R. Civ. P. 6(b)(1)(A). And if the motion was filed on November 30, 2019, after the discovery deadline expired, Plaintiff's calendaring error constitutes excusable neglect. There is minimal danger of prejudice to Defendant from extending the discovery deadline by a single court day to December 2, 2019, especially given Defendant's representation to Plaintiff that its supplemental discovery would be completed on December 6, 2019. *See* Fed. R. Civ. P. 6(b)(1)(B); (Dkt. Nos. 55 at 3; 56 at 3; 60 at 2, 5.) Further, the length of delay and its impact on the proceedings are minimal, the Ninth Circuit has previously found that calendaring errors may constitute excusable neglect, and the record does not support a finding that Plaintiff's request is made in bad faith. *See* Fed. R. Civ. P. 6(b)(1)(B); *Ahanchian*, 624 F.3d at 1259; *Pincay*, 389 F.3d at 860. While Defendant raises a multitude of arguments as to Plaintiff's alleged poor conduct during discovery, Plaintiff's alleged lack of diligence, and the prejudice Defendant will suffer if Plaintiff's December 2 discovery responses are considered timely, Defendant's arguments do not merit denial of Plaintiff's

reasonable request. (*See generally* Dkt. No. 57.)

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for an extension of the discovery deadline (Dkt. No. 55) is GRANTED. The Court hereby EXTENDS the discovery deadline in this case to December 2, 2019.

DATED this 20th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE